ROBBINS ARROYO LLP
BRIAN J. ROBBINS (190264)
brobbins@robbinsarroyo.com
GEORGE C. AGUILAR (126535)
gaguilar@robbinsarroyo.com
LAUREN N. OCHENDUSZKO (274227)
lochenduszko@robbinsarroyo.com
MICHAEL J. NICOUD (272705)
mnicoud@robbinsarroyo.com
600 B Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 525-3990
Facsimile: (619) 525- 3991

Co-Lead Counsel for Plaintiffs

[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OCZ TECHNOLOGY GROUP, INC. SHAREHOLDER DERIVATIVE LITIGATION | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| This Document Relates to:<br><br>ALL ACTIONS | |

Lead Case No.: C-12-05556-RS

(Consolidated with Case Nos. C-12-06058-RS, C-12-06343-RS)

**STIPULATION OF SETTLEMENT**

Judge: Hon. Richard Seeborg

This Stipulation of Settlement dated July 19, 2013 (the "Stipulation"), is made and entered into by and among the following Settling Parties: (i) plaintiffs Ian Cassiman, Clair Vanderschaaf, and Robert L. Morton ("Plaintiffs") (on behalf of themselves and derivatively on behalf of OCZ Technology Group, Inc.), by and through their counsel in the Action; (ii) the Individual Defendants, by and through their counsel in the Action; and (iv) nominal defendant OCZ Technology Group, Inc. ("OCZ" or the "Company").  This Stipulation is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims, upon and subject to the terms and conditions hereof.  Capitalized terms not otherwise defined shall have the meanings set forth in Section 1, "Definitions."

**TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT**

NOW, THEREFORE, IT IS HEREBY STIPULATED, CONSENTED TO, AND AGREED by and among the undersigned counsel for the Settling Parties herein, in consideration of the benefits flowing to the Settling Parties from the Settlement, and subject to the approval of the Court pursuant to Federal Rule of Civil Procedure 23.1, that the claims asserted in the Action and the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice and with full preclusive effect, upon and subject to the terms and conditions of this Stipulation, as set forth below.

**1.      Definitions**

As used in this Stipulation, the following terms have the meanings specified below:

1.1      "Action" means the derivative actions that were consolidated and captioned as *In re OCZ Technology Group, Inc. Shareholder Derivative Litigation*, Lead Case No. C-12-05556-RS (N.D. Cal.).

1.2      "Co-Lead Counsel" means Robbins Arroyo LLP and Robbins Geller Rudman & Dowd LLP.

1.3      "Court" means the U.S. District Court for the Northern District of California, San Francisco Division.

1.4      "Defendants" means the Individual Defendants and nominal defendant OCZ.

1.5   "Effective Date" means the first date by which all of the events and conditions specified in paragraph 9.1 hereof have occurred and have been met.

1.6   "Final" means when the last of the following with respect to the Judgment approving this Stipulation, substantially in the form of Exhibit D attached hereto, shall have occurred: (1) the expiration of the time to file a notice of appeal from the Judgment; or (2) if, an appeal has been filed, the court of appeal has either affirmed the Judgment or dismissed that appeal and the time for any reconsideration or further appellate review has passed; or (3) if a higher court has granted further appellate review, that court has either affirmed the underlying Judgment or affirmed the court of appeal's decision affirming the Judgment or dismissing the appeal.  Any proceeding or order, or any appeal or petition for review pertaining solely to any claim for attorneys' fees and expenses in the Action shall not in any way delay or preclude the Judgment from becoming Final within the meaning of this paragraph.

1.7   "Individual Defendants" means Ryan M. Petersen, Ralph H. Schmitt, Adam J. Epstein, Richard L. Hunter, Russell J. Knittel, and Arthur F. Knapp, Jr.

1.8   "Judgment" means the judgment to be entered by the Court, substantially in the form attached hereto as Exhibit D.

1.9   "Notice" means the Notice of Proposed Settlement and Settlement Hearing, substantially in the form attached hereto as Exhibit B.

1.10   "Person" means an individual, corporation, limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, parents, subsidiaries, representatives, or assignees.

1.11   "Plaintiffs" means Ian Cassiman, Clair Vanderschaaf, and Robert L. Morton, together with any of their respective agents, heirs, assigns, predecessors, and/or successors.

1.12   "Plaintiffs' Counsel" means Robbins Arroyo LLP, Robbins Geller Rudman & Dowd LLP, and The Law Office of Alfred G. Yates, Jr., P.C.

1.13    "OCZ" or the "Company" means nominal defendant OCZ Technology Group, Inc. including, but not limited to, its predecessors, successors, subsidiaries, affiliates, divisions, and assigns.

1.14    "Related Persons" means each of the Defendants' past or present agents, officers, directors, attorneys, accountants, auditors, advisors, insurers, co-insurers, reinsurers, spouses, immediate family members, heirs, executors, personal representatives, estates, administrators, trusts, predecessors, successors, and assigns, or other individual or entity in which any Defendant has a controlling interest, and each and all of their respective past and present officers, directors, employees, agents, affiliates, parents, subsidiaries, divisions, attorneys, accountants, auditors, advisors, insurers, co-insurers, re-insurers, heirs, executors, personal representatives, estates, administrators, trusts, predecessors, successors, and assigns.

1.15    "Released Claims" shall collectively mean any and all claims for relief (including Unknown Claims as defined in paragraph 1.21 hereof), rights, demands, suits, matters, causes of action, or liabilities, known or unknown, whether or not concealed or hidden, asserted or unasserted (including, without limitation, claims for damages, interest, attorneys' fees, costs, disgorgement, constructive trust, breach of duty of care and/or breach of duty of loyalty or good faith, breach of contract, fraud, negligence, gross negligence, negligent misrepresentation, insider trading, mismanagement, misconduct, waste of corporate assets, abuse of control, unjust enrichment, or violations of statutes, rules, or regulations, whether based on federal, state, local, statutory, or common law or any other law, rule, or regulation), that have been or could have been asserted in the Action by Plaintiffs, OCZ, or by any OCZ shareholder derivatively on behalf of OCZ, against each and every Defendant and the Released Persons arising out of and based upon the facts, transactions, events, occurrences, acts, disclosures, statements, omissions, or failures to act that were or could have been alleged in the Action, or any claims in connection with, based upon, arising out of, or relating to the Settlement, but excluding any claims to enforce the Settlement set forth in this Stipulation.  Expressly excluded from the term "Released

Claims" are: (i) all claims alleged by the plaintiffs in the Securities Class Action; and (ii) the matters set forth in Paragraph 7.4 of this Stipulation.

1.16    "Released Persons" means each and all of the Defendants and their Related Persons.

1.17    "Securities Class Action" means the putative securities class actions that were consolidated and captioned as *In re OCZ Technology Group, Inc. Securities Litigation*, CV 12-05265 RS, also pending in this Court.

1.18    "Settlement" means the Settlement contemplated by this Stipulation.

1.19    "Settling Parties" means, collectively, each of the Defendants, Plaintiffs, on behalf of themselves and derivatively on behalf of OCZ, and OCZ, and its shareholders.  "Settling Party" means, individually, any of the Settling Parties.

1.20    "Summary Notice" means the Summary Notice of Proposed Settlement and Settlement Hearing, substantially in the form attached hereto as Exhibit C.

1.21    "Unknown Claims" means any Released Claim(s) that Plaintiffs, OCZ, the Individual Defendants, or any OCZ shareholders do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons, including claims which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Persons, or might have affected his, her, or its decision not to object to this Settlement.  In this regard, with respect to the Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs, the Individual Defendants, and OCZ shall expressly waive, and each OCZ shareholder shall be deemed to have and by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits conferred by section 1542 of the California Civil Code, and by any law of any state or territory of the United States or any other state, sovereign, or jurisdiction, or any principle of common law that is similar, comparable, or equivalent to section 1542 of the California Civil Code, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF

KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs, OCZ, the Individual Defendants, and OCZ shareholders acknowledge that they may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but, upon the Effective Date, each Plaintiff, Individual Defendant, and OCZ shall expressly settle and release, and each OCZ shareholder shall be deemed to have and by operation of the Judgment shall have fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future.  The Settling Parties acknowledge, and each OCZ shareholder shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and agreed upon with the express intention of releasing Unknown Claims, and is a key element of the Settlement of which this release is a part.

### 2.      Description of the Action and Settlement of the Action

On October 29, 2012, a shareholder derivative complaint (captioned *Cassiman v. Petersen*) was filed in this Court derivatively on behalf of OCZ and against the Individual Defendants for alleged violations of state law, including breach of fiduciary duty, waste of corporate assets, and unjust enrichment, following announcements by the Company regarding, among other things, accounting issues, indefinitely delayed financial filings, and material weaknesses.  On November 21, 2012, OCZ announced that it had received a letter and subpoena from the U.S. Securities and Exchange Commission ("SEC") indicating that the SEC was conducting an investigation regarding, among other matters, the financial reporting for customer incentive programs.    On November 29, 2012, another shareholder derivative action asserting substantially similar claims was filed (captioned *Vanderschaaf v. Petersen*) and on December 14, 2012, a third shareholder derivative action was filed (captioned *Morton v. Schmitt*).  The actions were later consolidated under the caption *In re OCZ Technology Group, Inc. Shareholder Derivative Litigation*, Lead Case No. C-12-05556-RS, and Co-Lead Counsel for Plaintiffs was

1   appointed.  On February 13, 2013, Plaintiffs filed the Verified Consolidated Shareholder

2   Derivative Complaint for Breach of Fiduciary Duty, Waste of Corporate Assets, and Unjust

3   Enrichment (the "Consolidated Complaint").  The Consolidated Complaint asserted substantially

4   similar claims as alleged in the individual actions.[1]

5          The actions alleged that certain current and former officers and directors of OCZ issued

6   and made a series of materially false and misleading statements regarding the Company's

7   financial condition and prospects for future growth.  Specifically, Plaintiffs alleged that the

8   Individual Defendants failed to disclose that the Company's sales trends were not as robust as

9   they had stated and that rather, in order to address those negative trends in OCZ's business,

10  "incentives" (*i.e.,* rebates) were delivered to customers in order to obtain sales and revenues that

11  were not properly accounted for under Generally Accepted Accounting Principles ("GAAP"),

12  rendering their statements concerning OCZ's financial results materially false and misleading.

13  Plaintiffs alleged that the Individual Defendants' actions concealed that OCZ's financial results

14  were materially false and misleading in violation of GAAP, OCZ's business was not growing to

15  the extent represented by Defendants, and OCZ's internal controls were so poor and inadequate

16  that OCZ's reported results were not reliable.  Further, Plaintiffs alleged that as the Company

17  reported reduced revenues and projected revenues, the Individual Defendants falsely attributed

18  the decline to supply constraints, stating that demand for OCZ's product offerings simply

19  overwhelmed available supply.  Plaintiffs alleged that the Individual Defendants' actions caused

20  substantial damage to OCZ.

21          In early 2013, the Settling Parties agreed to participate in mediation with the Honorable

22  Edward A. Infante (Ret.) ("Judge Infante"), former Chief Magistrate Judge of the U.S. District

23  _____

24  [1] Three similar shareholder derivative actions also were filed in Santa Clara County Superior
    Court (the "State Court Actions").  *Briggs v. Petersen*, Case No. 1:12-cv-235866 (Santa Clara
25  Cnty. Super. Ct. filed Nov. 13, 2012); *Armstrong v. Petersen*, Case No. 1:12-cv-238051 (Santa
    Clara Cnty. Super. Ct. filed Dec. 18, 2012); *Kapoosuzian v. Schmitt*, Case No. 1:13-cv-240033
26  (Santa Clara Cnty. Super. Ct. filed Jan. 23, 2013). The State Court Actions have been stayed
    pending the resolution of the instant Action.
27

28

Court for the Northern District of California and a highly-experienced securities mediator.  On May 20, 2013, the parties attended an all-day mediation under the direction of Judge Infante (the "Mediation") to resolve the Action.  Following the Mediation, additional arm's-length negotiations mediated by Judge Infante regarding Plaintiffs' Counsel's fees and expenses for their efforts in securing the benefits of the Settlement for OCZ took place.  Shortly after the Mediation, the Fee and Expense Amount (defined in paragraph 8.1 below) was resolved by a proposal by Judge Infante.

### 3.     Plaintiffs' Claims and the Benefits of the Settlement

3.1     The Plaintiffs believe that the claims asserted in the Action have merit, and Plaintiffs' entry into this Stipulation and Settlement is not intended to be and shall not be construed as an admission or concession concerning the relative strength or merit of the claims alleged in the Action.  However, the Plaintiffs recognize and acknowledge the expense and length of continued legal proceedings necessary to prosecute the Action through trial and the appeals process.  Plaintiffs' Counsel have taken into account the uncertain outcome and the risk of any litigation, especially in complex litigations such as the Action, as well as the difficulties and delays inherent in such litigation.  Plaintiffs' Counsel are also mindful of the problems of proof and possible defenses to the claims asserted in the Action.

3.2     Plaintiffs' Counsel have conducted extensive investigation, including, inter alia: (i) reviewing OCZ's press releases, public statements, SEC filings, and securities analysts' reports, and advisories about the Company; (ii) reviewing media reports about the Company; (iii) researching the applicable law with respect to the claims alleged in the Action and the potential defenses thereto; (iv) preparing and filing derivative complaints, including the Consolidated Complaint; (v) conducting preliminary damages analyses; (vi) participating in informal conferences with Defendants' counsel regarding the specific facts of the cases, the perceived strengths and weaknesses of the cases, and other issues in an effort to facilitate negotiations and conducting research into the Company's corporate governance structure in order to make a settlement demand; (vii) participating in mediation and other conferences before Judge Infante;

and (viii) negotiating this Settlement with Defendants.  Based on Plaintiffs' Counsel's thorough review and analysis of the relevant facts, allegations, defenses, and controlling legal principles, Plaintiffs' Counsel believe that the Settlement set forth in this Stipulation is fair, reasonable, and adequate, and confers substantial benefits upon OCZ and its shareholders.  Based upon Plaintiffs' Counsel's evaluation, Plaintiffs have determined that the Settlement is in the best interests of OCZ and its shareholders and have agreed to settle the Action upon the terms and subject to the conditions set forth herein.

### 4.    Defendants' Denials of Wrongdoing and Liability

4.1    The Individual Defendants have denied and continue to deny each and all of the claims, charges of wrongdoing, or liability against them arising out of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action.  The Individual Defendants have denied and continue to deny that they have committed, threatened, or attempted to commit, any violations of law or breached any duty owed to Plaintiffs, OCZ, or its shareholders.  Nonetheless, the Individual Defendants have concluded that further proceedings would be protracted and expensive and have determined that it is desirable that the claims against them be settled on the terms reflected in this Stipulation.  The Individual Defendants and OCZ are entering into this Settlement because it will eliminate the uncertainty, distraction, disruption, burden, risk, and expense of further litigation, and without admitting any wrongdoing or liability whatsoever.  OCZ acknowledges that the Settlement, which includes significant corporate governance measures, confers substantial benefits on OCZ.  OCZ believes that the Settlement is fair, reasonable, adequate, and in the best interests of OCZ and its shareholders.

4.2    Neither this Stipulation, nor any of its terms or provisions, nor entry of the Judgment, nor any document or exhibit referred or attached to this Stipulation, nor any action taken to carry out this Stipulation, is, may be construed as, or may be used as evidence of the validity of any of the Released Claims or an admission by or against Defendants of any fault, wrongdoing, or concession of liability whatsoever.

**5.     Corporate Governance Measures**

5.1     In connection with the Settlement of the Action, within ninety (90) calendar days after final approval of the Settlement, OCZ's Board shall adopt such resolutions and amend appropriate committee charters to the extent applicable to ensure adherence to the Corporate Governance Measures ("Measures").  The Measures shall be maintained for a minimum of five (5) years from the Effective Date of this Stipulation; provided, however, that to the extent that any of the Measures listed below conflicts with any applicable law, regulation, rule, or listing standard ("Regulations"), whether in effect now or in the future, the Regulations will take precedence and govern.  These Measures constitute the consideration for this Stipulation, and OCZ acknowledges and agrees that the Measures confer substantial benefits upon OCZ and its shareholders.  OCZ also acknowledges that the prosecution and Settlement of the Action was a substantial contributing cause in the implementation, amendment, and/or maintenance of the Measures set forth below.

**I.     AUDIT   COMMITTEE   AND   REVIEW   OF   FINANCIAL   STATEMENTS AND REPORTS**

        A.     The Audit Committee shall review and discuss with the appropriate members of management and the independent auditors at least four (4) times annually:

                1.     The Audit Committee's recommendations for additions or variations in external auditing  and internal control functions as it may deem desirable; and

                2.     Management's assessment of internal control over financial reporting and any related reports and attestations.

        B.     The Audit Committee shall ask members of management and others to attend Audit Committee meetings to provide pertinent information as necessary.

C.     The Audit Committee shall discuss legal and regulatory compliance with the Company's counsel.

D.     The Audit Committee shall annually review the overall plan of the audit as proposed by the independent auditors including the scope of the examination to be performed, and any developments in accounting principles and auditing standards that may affect either the financial statements or the audit.

E.     The Audit Committee shall review on an annual basis the results of the internal controls review described herein in Section II, with the appropriate consultants and/or OCZ personnel.

F.     The Audit Committee's duties shall include assessing and, if necessary, appropriately responding to the following:

1.     Management's oversight of internal controls, the process for establishing and monitoring internal controls, and any special auditing steps adopted in the event of material control deficiencies;

G.     In carrying out its duties and responsibilities, the Audit Committee shall also have the authority to meet with and seek any information it requires from employees, officers, directors, or external parties.

H.     The Audit Committee shall conduct or authorize investigations into any activities it deems necessary and appropriate.

II.     **AUDITING AND ACCOUNTING PROCEDURES**

A.     The Company shall establish a financial reporting checklist to ensure that the Company's accounting policies fulfill GAAP reporting requirements. The Company's Chief Financial Officer ("CFO") or his or her designee(s), which designee shall report to the CFO, shall complete the checklist to ensure that all policies are up-to-date and adhered to prior to the issuance of any filings on Forms 10-Q or 10-K. The completed checklist shall be

STIPULATION OF SETTLEMENT
LEAD CASE NO. C-12-05556-RS

reviewed by the Audit Committee and independent auditors prior to the issuance of any filings on Forms 10-Q or 10-K.

B.    The Company shall provide training at least annually to the CFO, finance, accounting, and other relevant personnel of the Company with respect to proper revenue recognition, impairment of assets, inventory obsolescence, and other GAAP and U.S. Securities and Exchange Commission ("SEC") financial reporting updates. If changes in GAAP and SEC financial reporting will directly impact the Company's quarterly or annual financial statements, such training shall take place prior to the issuance of the financial statements.

C.    The Company shall design, implement, and maintain an internal system to monitor all customer incentive programs issued by the Company to ensure compliance with GAAP and Company policies.

D.    The Company shall establish a system of review to monitor inventory levels at the Company to ensure compliance with GAAP and Company policies.

E.    Review of Internal Controls and Procedures

    1.    At least annually for the next two years, the Company shall conduct a comprehensive review that includes testing of internal controls and procedures, including, but not limited to, controls with respect to financial reporting, inventory, and customer incentives.

    2.    The review shall be conducted by external consultants and/or designated OCZ personnel with internal audit responsibilities.

    3.    After two years, such review shall be done at least once every three years.

    4.    The CFO or his or her designees, which designee shall report to the CFO, shall keep the Audit Committee informed of emerging trends

- 11 -

in relevant regulatory matters, internal control issues, and provide the Audit Committee with a report of outstanding audit issues and the current status of management's efforts to resolve and improve the control environment.

### III. BOARD OF DIRECTORS

A. Composition of Board

1. Prior to the annual shareholder meeting that takes place after the resolution of the related securities class action, the Board will consider in good faith whether to eliminate the classification of the Board or to reduce the length of Board terms.

2. As soon as practicable, but in no event later than three months after the resolution of the related securities class action, the OCZ Board shall be expanded to add one or two independent directors. The Board shall solicit input from major long-term shareholders regarding director candidates.

B. Director Tenure

1. No person shall serve as a member of the Board for a period of time exceeding ten years, unless his/her continued tenure is ratified by a shareholder vote.

C. Lead Independent Director

1. In the absence of an independent Chairman of the Board, the independent members of the Board shall annually elect a Lead Independent Director.

2. The Lead Independent Director shall coordinate the activities of the independent directors, coordinate with the Chief Executive Officer and corporate secretary to set the agenda for Board

meetings, chair executive sessions of the independent directors, and perform other duties assigned from time to time by the Board.

    3.    The Lead Independent Director shall meet with the Compensation Committee to discuss, along with the members of the Compensation Committee and the full Board, the Chief Executive Officer's ("CEO") performance.    The Chairman of the Compensation Committee shall deliver to the CEO the Board's evaluation, and the Lead Independent Director shall also attend the performance review meeting with the CEO.

## IV.    RESTATEMENT CLAWBACK PROVISION

A.    The Board shall adopt a resolution providing that, following an accounting restatement due to material noncompliance, as a result of misconduct, with any financial reporting requirements under the securities laws the Company will seek repayment from the chief executive officer and chief financial officer of any incentive-based compensation that was: (i) based on the erroneous data; (ii) paid during the 12-month period preceding the date of the accounting restatement; and (iii) in excess of what would have been paid under the accounting restatement.

B.    Any monies recovered under this provision may be held in constructive trust for the benefit of the Company if the Board, in its discretion, determines it is appropriate to do so.

C.    This provision does not purport to limit Section 304 of the Sarbanes-Oxley Act of 2002 in any way, but any monies recovered under this provision shall be deemed by the Company to have been recovered under Section 304 of the Sarbanes-Oxley Act of 2002.

D.    The Nominating and Governance Committee shall ensure that this provision is modified, as appropriate, to comply with applicable statutes, rule, and regulations.

## V.    DIRECTOR TRAINING, CONTINUING EDUCATION, EVALUATION AND REPORTING

A.    Each director shall attend, on an annual basis, a director education program that includes training in GAAP and SEC financial reporting, to the extent funds are available for such training.

### 6.    Settlement Procedure

6.1    Promptly after the full execution of this Stipulation, Plaintiffs shall submit this Stipulation and its Exhibits to the Court and apply for an order substantially in the form of Exhibit A hereto, requesting preliminary approval of the Settlement set forth in this Stipulation (the "Preliminary Approval Order"), and approval for the publication of the Notice of Proposed Settlement and of Settlement Hearing (the "Notice") and the Summary Notice of Proposed Settlement and of Settlement Hearing (the "Summary Notice") substantially in the form of Exhibit B and C hereto, requesting: (i) preliminary approval of the Settlement set forth in this Stipulation; (ii) approval of the form and manner of providing notice of the Settlement to current OCZ shareholders; and (iii) a date for the final hearing at which the Court will determine, among other matters, whether the terms of the Settlement should be approved, whether a final judgment should be entered, and whether to approve the agreed-to Fee and Expense Amount (the "Settlement Hearing"), pursuant to Federal Rule of Civil Procedure 23.1.

6.2    Within ten (10) business days of the issuance of the Preliminary Approval Order, OCZ shall cause the Notice to be filed with the SEC on SEC Form 8-K, shall publish the Summary Notice for one day in *Investor's Business Daily*, and shall post the Notice and Stipulation on its website. All costs in providing the notice specified herein will be paid by OCZ. The Settling Parties believe the content and manner of the notice, as set forth in this paragraph, constitutes adequate and reasonable notice to current OCZ shareholders pursuant to

1 applicable law and due process.  At least seven (7) calendar days prior to the Settlement Hearing,

2 OCZ's Counsel shall file with the Court an appropriate affidavit or declaration with respect to

3 filing and posting the Notice and Summary Notice.

4      6.1    Within ten (10) business days after entry of the Preliminary Approval Order,

5 Plaintiffs' Counsel shall post copies of the Notice and Stipulation on the website of Robbins

6 Arroyo LLP.  At least seven (7) calendar days prior to the Settlement Hearing, Plaintiffs' Counsel

7 shall file with the Court an appropriate affidavit or declaration with respect to posting copies of

8 the Notice and Stipulation on its website.

9     **7.**    **Mutual Releases**

10      7.1    Except as set forth in paragraph 7.4 below, upon the Effective Date, Plaintiffs, on

11 their own behalf and derivatively on behalf of OCZ, OCZ, and each of OCZ's shareholders

12 (solely in their capacity as OCZ shareholders) shall be deemed to have, and by operation of the

13 Judgment shall have, fully, finally, and forever released, relinquished, and discharged the

14 Released Claims, including Unknown Claims, against the Released Persons.  Nothing herein

15 shall in any way impair or restrict the rights of any of the Settling Parties to enforce the terms of

16 this Stipulation.

17      7.2    Upon the Effective Date, Plaintiffs, on their own behalf and derivatively on behalf

18 of OCZ and each of OCZ's shareholders (solely in their capacity as OCZ shareholders) will be

19 forever barred and enjoined from commencing, instituting, or prosecuting any of the Released

20 Claims (including Unknown Claims) or any action or other proceeding against any of the

21 Released Persons based on the Released Claims or any action or proceeding arising out of,

22 related to, or in connection with the settlement or resolution of the Action, provided that nothing

23 herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of

24 this Stipulation.

25      7.3    Upon the Effective Date, each of the Defendants and their Released Persons shall

26 be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever

27 released, relinquished, and discharged each and all of the Plaintiffs and Plaintiffs' Counsel from

28

1  all claims (including Unknown Claims) arising out of, relating to, or in connection with, the

2  institution, prosecution, assertion, settlement or resolution of the Action or the Released Claims.

3  Nothing herein shall in any way impair or restrict the rights of the Settling Parties to enforce the

4  terms of this Stipulation.

5     7.4  Nothing in this Stipulation constitutes or reflects a waiver or release of: (i) any

6  rights or claims of the Company pursuant to any contract(s) or agreement(s) with any Individual

7  Defendant, including but not limited to, any rights or claims pertaining to claw backs; (ii) any

8  rights or claims of the Individual Defendants pursuant to any contract(s) or agreement(s) with the

9  Company, including, but not limited to, any rights or claims pertaining to indemnification or

10  advancement of expenses; (iii) any rights or claims of the Individual Defendants to

11  indemnification or advancement of expenses arising from the Company's articles of

12  incorporation, bylaws or applicable law; (iv) any rights or claims of Defendants with respect to

13  their insurers and/or the insurers' Related Persons, including, but not limited to, any rights or

14  claims under any directors' and officers' liability insurance or other applicable insurance

15  coverage maintained by the Company.

16    **8.**  **Plaintiffs' Counsel's Attorneys' Fees and Expenses**

17     8.1  As a result of arm's-length negotiations and with the substantial assistance of

18  Judge Infante, and in light of the substantial benefits conferred upon OCZ by Plaintiffs' Counsel's

19  efforts, OCZ shall pay Plaintiffs' Counsel the amount of $925,000, subject to Court approval (the

20  "Fee and Expense Amount").  This agreement was reached only after the Settling Parties had

21  substantially negotiated the Measures.  The Fee and Expense Amount shall constitute final and

22  complete payment for Plaintiffs' attorneys' fees and expenses that have been incurred or will be

23  incurred in connection with the Action.  The Fee and Expense Amount shall be funded to

24  Robbins Arroyo LLP as receiving agent for Plaintiffs' Counsel within ten (10) business days of

25  the entry of the Judgment, whether or not any timely objection or appeal has been filed to any

26  aspect of the Settlement.

27

28

8.2     In the event that the Judgment fails to become Final, then it shall be the several obligation of Plaintiffs' Counsel to make appropriate refunds or repayments of any attorneys' fees and expenses previously paid within ten (10) business days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction.

**9.     Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

9.1     The Effective Date of this Stipulation shall be conditioned on the occurrence of all of the following events:

(a)     OCZ's Board has approved the Settlement;

(b)     the Court has entered the Judgment substantially in the form of Exhibit D approving the Settlement;

(c)     the Court has entered the Entry of Judgment substantially in the form of Exhibit E dismissing the Action with prejudice;

(d)     the payment of the Fee and Expense Amount in accordance with paragraph 8.1 and as approved by the Court;

(e)     the passing of the date upon which the Judgment becomes Final.

9.2     If any of the conditions specified in paragraph 9.1 are not met, then this Stipulation shall be deemed canceled and terminated unless Plaintiffs' Counsel and counsel for Defendants mutually agree in writing to proceed with this Stipulation.

9.3     Any proceeding, appeal, or petition pertaining solely to the Fee and Expense Amount or reversal or modification thereof, shall not operate to terminate, modify, or cancel this Stipulation, or affect or delay the Effective Date or the finality of the Judgment approving this Stipulation and the Settlement of the Action.

9.4     If for any reason the Effective Date does not occur, or if this Stipulation is in any way canceled, terminated, or fails to become Final in accordance with its terms: (i) the payments to Plaintiffs' Counsel pursuant to paragraph 8 shall be returned and repaid to the payor within thirty (30) calendar days of the event that triggered the repayment obligation; (ii) the Settling

- 17 -

1  Parties shall be restored to their respective positions as of the date immediately preceding the full

2  execution of this Stipulation; and (iii) all negotiations, proceedings, documents prepared, and

3  statements made in connection herewith shall be without prejudice to the Settling Parties, shall

4  not be deemed or construed to be an admission by a Settling Party of any act, matter, or

5  proposition and shall not be used in any manner for any purpose in the Action or in any other

6  action or proceeding.  In such event, the terms and provisions of this Stipulation shall have no

7  further force and effect with respect to the Settling Parties and shall not be used in the Action or

8  in any other proceedings for any purpose, and any Judgment or other order entered in accordance

9  with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

10  **10.   Bankruptcy**

11  10.1   In the event any proceedings by or on behalf of OCZ, whether voluntary or

12  involuntary, are initiated under any chapter of the U.S. Bankruptcy Code, including any act of

13  receivership, asset seizure, or similar federal or state law action ("Bankruptcy Proceedings"), the

14  Settling Parties agree to use their reasonable best efforts to obtain all necessary orders, consents,

15  releases, and approvals for effectuation of this Stipulation and Court approval of the Settlement

16  in a timely and expeditious manner.  By way of example only, the Settling Parties agree to

17  cooperate in making applications and motions to the bankruptcy court for relief from any stay,

18  approval of the Settlement, authority to release funds, authority for the Defendants' insurer(s) to

19  disburse insurance proceeds consistent with this Stipulation, authority to release claims and

20  indemnify officers and directors, and authority for the Court to enter all necessary orders and

21  judgments, and any other actions reasonably necessary to effectuate the terms of the Settlement.

22  In addition, in the event of any Bankruptcy Proceedings by or on behalf of OCZ, the Settling

23  Parties agree that all dates and deadlines in the Action, if any, or any dates and deadlines

24  associated with the appeal of the Action, if any, will be extended for such periods of time as are

25  necessary to obtain necessary orders, consents, releases, and approvals from the bankruptcy court

26  to carry out the terms and conditions of the Settlement.

27

28

**11.    Miscellaneous Provisions**

11.1    The Settling Parties (i) acknowledge that it is their intent to consummate this Stipulation; and (ii) agree to act in good faith and cooperate to take all reasonable and necessary steps to expeditiously implement the terms and conditions of this Stipulation.

11.2    Pending the Effective Date of this Stipulation or the termination of the Stipulation according to its terms, Plaintiffs and current OCZ shareholders are barred and enjoined from commencing, prosecuting, instigating, continuing directly, representatively, derivatively or in any other capacity, or in any way participating in the commencement or prosecution of any action asserting any Released Claims against any of the Released Persons.

11.3    The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between Plaintiffs and Defendants with respect to the Action.  The Settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim, allegation, or defense.  The Settling Parties agree that the parties and their respective counsel at all times during the course of the Action complied with the applicable rules, including, without limitation, Federal Rule of Civil Procedure 11.  The Settling Parties further agree that the claims are being settled voluntarily after consultation with competent legal counsel and an experienced mediator.

11.4    Neither this Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement: (i) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Settling Parties or any other Person as a presumption, a concession or an admission of, or evidence of, any fault, wrongdoing or liability of the Defendants or of the validity of any Released Claims; or (ii) is intended by the Settling Parties to be offered or received as evidence or used by any other Person in any civil, criminal, administrative, or other proceeding whatsoever, including before any court, administrative agency or other tribunal.  The Released Persons may file this Stipulation and/or the Judgment in any action brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit,

release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11.5    In the event the Fee and Expense Amount payment is not made in accordance with ¶ 8.1, interest will be assessed on the full amount due at 1% higher than the annual U.S. prime interest rate quoted by *The Wall Street Journal* on the day that such payment was due.

11.6    The Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

11.7    This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

11.8    This Stipulation and the Exhibits attached hereto constitute the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any Settling Party concerning this Stipulation or any of its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

11.9    In the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit hereto, the terms of this Stipulation shall prevail.

11.10   In construing this Stipulation, no presumption shall be made against any of the Settling Parties on the basis that it was a drafter of this Stipulation.

11.11   Plaintiffs represent and warrant that they have not assigned any rights, claims, or causes of action that were asserted or could have been asserted in connection with, under, or arising out of any of the claims being settled or released herein.

11.12   Each counsel or other Person executing this Stipulation or its Exhibits on behalf of any Settling Party hereby warrants that such Person has the full authority to do so.

11.13   Except as otherwise provided herein, each of the Settling Parties shall bear its own costs and expenses.

11.14   This Stipulation may be executed in one or more counterparts, including by signature transmitted by facsimile or e-mailed PDF files.  Each counterpart, when so executed,

1   shall be deemed to be an original, and all such counterparts together shall constitute the same
2   instrument.

3       11.15   This Stipulation and the Settlement shall be binding upon, and inure to the benefit
4   of, the successors and assigns of the Settling Parties and the Released Persons.

5       11.16   The Court shall retain jurisdiction with respect to implementation and
6   enforcement of the terms of this Stipulation, and the Settling Parties submit to the jurisdiction of
7   the Court for purposes of implementing and enforcing the Settlement embodied in this
8   Stipulation.

9       11.17   This Stipulation and the Exhibits attached hereto shall be considered to have been
10  negotiated, executed, and delivered, and to be wholly performed, in the State of California, and
11  the rights and obligations of the parties to this Stipulation shall be construed and enforced in
12  accordance with, and governed by, the internal, substantive laws of the State of California
13  without giving effect to that State's choice-of-law principles.

14      11.18   All agreements during the course of the Action regarding the confidentiality of
15  information shall survive this Stipulation.

16      IN WITNESS WHEREOF, the Settling Parties have caused this Stipulation to be
17  executed by their duly authorized attorneys.

18  DATED: July 19, 2013

19                                          ROBBINS ARROYO LLP
                                            BRIAN J. ROBBINS
20                                          GEORGE C. AGUILAR
                                            LAUREN N. OCHENDUSZKO
21                                          MICHAEL J. NICOUD

22                                          *Brian J. Robbins* w/express permission
23                                          BRIAN J. ROBBINS   by NU.

24                                          600 B Street, Suite 1900
                                            San Diego, CA 92101
25                                          Telephone:  (619) 525-3990
                                            Facsimile: (619) 525-3991
26                                          brobbins@robbinsarroyo.com
                                            gaguilar@robbinsarroyo.com
27                                          lochenduszko@robbinsarroyo.com
                                            mnicoud@robbinsarroyo.com
28
                                    - 21 -

1   DATED: July 19, 2013                         ROBBINS GELLER RUDMAN
                                                  & DOWD LLP
2                                                 SHAWN A. WILLIAMS

3

4
                                                  SHAWN A. WILLIAMS
5                                                 TRAVIS E POWNSBY

6                                                 Post Montgomery Center
                                                  One Montgomery Street, Suite 1800
7                                                 San Francisco, CA 94104
                                                  Telephone: (415) 288-4545
8                                                 Facsimile: (415) 288-4534
                                                  shawnw@rgrdlaw.com
9
                                                  *Co-Lead Counsel for Plaintiffs*
10

11  DATED: July 9, 2013                           WILSON SONSINI GOODRICH
                                                  & ROSATI
                                                  BORIS FELDMAN
12                                                CAZ HASHEMI

13

14                                                BORIS FELDMAN

15                                                650 Page Mill Road
                                                  Palo Alto, CA 94304
16                                                Telephone: (650) 493-9300
                                                  Facsimile: (650) 493-6811
17                                                boris.feldman@wsgr.com
                                                  chashemi@wsgr.com
18
                                                  *Attorneys for Nominal Defendant OCZ*
19                                                *Technology Group, Inc. and Individual*
                                                  *Defendants Adam J. Epstein, Richard L. Hunter,*
20                                                *Russell J. Knittel, and Ralph H. Schmitt*

21  DATED: July ___, 2013                         HOGAN LOVELLS US LLP
                                                  NORMAN J. BLEARS
22                                                MAREN J. CLOUSE

23

24                                                NORMAN J. BLEARS

25                                                525 University Ave., 4th Floor
                                                  Palo Alto, CA 94301
26                                                Telephone: (650) 463-4000
                                                  Facsimile: (650) 463-4199
27                                                norman.blears@hoganlovells.com
                                                  maren.clouse@hoganlovells.com
28                                                - 22 -
                              STIPULATION OF SETTLEMENT
                              LEAD CASE NO. C-12-05556-RS

1  DATED: July ___, 2013

2

3

4

5

6

7

8

9

10

11  DATED: July 19, 2013

12

13

14

15

16

17

18

19

20

21  DATED: July ___, 2013

22

23

24

25

26

27

28

ROBBINS GELLER RUDMAN
 & DOWD LLP
SHAWN A. WILLIAMS


_____
          SHAWN A. WILLIAMS

Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: (415) 288-4545
Facsimile: (415) 288-4534
shawnw@rgrdlaw.com

*Co-Lead Counsel for Plaintiffs*

WILSON SONSINI GOODRICH
 & ROSATI
BORIS FELDMAN
CAZ HASHEMI


_____
          BORIS FELDMAN

650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 493-9300
Facsimile: (650) 493-6811
boris.feldman@wsgr.com
chashemi@wsgr.com

*Attorneys for Nominal Defendant OCZ
Technology Group, Inc. and Individual
Defendants Adam J. Epstein, Richard L. Hunter,
Russell J. Knittel, and Ralph H. Schmitt*

HOGAN LOVELLS US LLP
NORMAN J. BLEARS
MAREN J. CLOUSE


_____
          NORMAN J. BLEARS

525 University Ave., 4th Floor
Palo Alto, CA 94301
Telephone: (650) 463-4000
Facsimile: (650) 463-4199
norman.blears@hoganlovells.com
maren.clouse@hoganlovells.com

- 22 -

1    DATED: July ___, 2013                    ROBBINS GELLER RUDMAN
                                                  & DOWD LLP
2                                             SHAWN A. WILLIAMS

3

4
                                             _____
5                                                  SHAWN A. WILLIAMS

6                                            Post Montgomery Center
                                             One Montgomery Street, Suite 1800
7                                            San Francisco, CA 94104
                                             Telephone: (415) 288-4545
8                                            Facsimile: (415) 288-4534
                                             shawnw@rgrdlaw.com
9

10                                           *Co-Lead Counsel for Plaintiffs*

11   DATED: July ___, 2013                    WILSON SONSINI GOODRICH
                                                  & ROSATI
12                                            BORIS FELDMAN
                                             CAZ HASHEMI
13

14
                                             _____
15                                                  BORIS FELDMAN

16                                           650 Page Mill Road
                                             Palo Alto, CA 94304
17                                           Telephone: (650) 493-9300
                                             Facsimile: (650) 493-6811
18                                           boris.feldman@wsgr.com
                                             chashemi@wsgr.com
19
                                             *Attorneys for Nominal Defendant OCZ*
20                                           *Technology Group, Inc. and Individual*
                                             *Defendants Adam J. Epstein, Richard L. Hunter,*
                                             *Russell J. Knittel, and Ralph H. Schmitt*
21   DATED: July 19, 2013                     HOGAN LOVELLS US LLP
22                                            NORMAN J. BLEARS
                                             MAREN J. CLOUSE
23

24
                                             _____
                                                  NORMAN J. BLEARS
25

26                                           525 University Ave., 4th Floor
                                             Palo Alto, CA 94301
27                                           Telephone: (650) 463-4000
                                             Facsimile: (650) 463-4199
                                             norman.blears@hoganlovells.com
28                                           maren.clouse@hoganlovells.com
                                                     - 22 -

DATED: July 19, 2013

IRELL & MANELLA, LLP
DANIEL P. LEFLER

_Daniel P. Lefler_

DANIEL P. LEFLER

1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067

Telephone: (310) 277-1010
Facsimile: (310) 203-7199
dlefler@irell.com

*Attorneys for Defendant Ryan Petersen*

Stip of Sett (5).docx

STIPULATION OF SETTLEMENT
LEAD CASE NO. C-12-05556-RS