UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OCZ TECHNOLOGY GROUP, INC. SHAREHOLDER DERIVATIVE LITIGATION <br><br> This Document Relates to: <br><br> ALL ACTIONS | Lead Case No.: C-12-05556-RS <br><br> (Consolidated with Case Nos. C-12-06058-RS, C-12-06343-RS) <br><br> ORDER PRELIMINARILY APPROVING DERIVATIVE SETTLEMENT AND PROVIDING FOR NOTICE <br><br> Judge: Hon. Richard Seeborg |

WHEREAS, the Settling Parties have made application, pursuant to Federal Rule of Civil Procedure 23.1, for an order (i) preliminarily approving the settlement (the "Settlement") of the Action, in accordance with a Stipulation of Settlement dated July 19, 2013 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement and dismissal of the Action with prejudice, upon the terms and conditions set forth therein; and (ii) approving for distribution of the Notice of Proposed Settlement and Settlement Hearing ("Notice") and the Summary Notice of Proposed Settlement and Settlement Hearing ("Summary Notice");

WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation in addition to those capitalized terms defined herein; and

WHEREAS, the Court, having considered the Stipulation and the Exhibits annexed thereto and having heard the arguments of the Settling Parties at the preliminary approval hearing:

NOW THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve, subject to further consideration at the Settlement Hearing described below, the Stipulation and the Settlement set forth therein, including the terms and conditions for Settlement and dismissal with prejudice of the Action.

2. A hearing (the "Settlement Hearing") shall be held before this Court on October 17, 2013, at 1:30 p.m., at the U.S. District Court for the Northern District of California, San Francisco Courthouse, Courtroom 3, 17th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, to determine, among other matters, whether: (a) the settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to OCZ Technology Group, Inc. ("OCZ" or the "Company") shareholders and to OCZ and should be approved by the Court; (b) whether a Judgment as provided in paragraph 1.8 of the Stipulation should be entered herein; and (c) whether to award attorneys' fees and expenses to Plaintiffs' Counsel upon the terms in the Stipulation.

3. The Court approves, as to form and content, the Notice and Summary Notice, attached as Exhibits B and C, respectively, to the Stipulation, and finds that the distribution of the Notice and Summary Notice substantially in the manner and form set forth in this Preliminary

1. Approval Order, meets the requirements of Federal Rule of Civil Procedure 23.1 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice of all matters relating to the Settlement and the Settlement Hearing to all Persons entitled thereto.

4. Not later than ten (10) business days following entry of this Preliminary Approval Order, OCZ shall cause a copy of the Notice substantially in the form annexed as Exhibit B to the Stipulation to be filed with the U.S. Securities and Exchange Commission ("SEC") as a SEC Form 8-K.

5. Not later than ten (10) business days following entry of this Preliminary Approval Order, OCZ shall cause the Notice and the Stipulation to be posted on its website, such that visitors to the website will readily find a hyperlink to the Notice and the Stipulation.

6. Not later than ten (10) business days following entry of this Preliminary Approval Order, OCZ shall cause a copy of the Summary Notice substantially in the form annexed as Exhibit C to the Stipulation to be published once in the national edition of *Investor's Business Daily*.

7. At least seven (7) calendar days prior to the Settlement Hearing, OCZ's counsel shall serve on counsel for the Settling Parties and file with the Court proof, by affidavit or declaration, of such filing, posting, and publication.

8. No later than ten (10) business days following entry of this Preliminary Approval Order, Plaintiffs' Counsel shall post copies of the Notice and Stipulation on the website of Robbins Arroyo LLP.  At least seven (7) calendar days prior to the Settlement Hearing, Plaintiffs' Counsel shall file with the Court an appropriate affidavit or declaration with respect to posting copies of the Notice and Stipulation on its website.

9. All current OCZ shareholders shall be bound by all orders, determinations, and judgments in the Action concerning the Settlement, whether favorable or unfavorable to current OCZ shareholders.

10. Pending final determination of whether the Settlement should be approved, Plaintiffs and current OCZ shareholders are barred and enjoined from commencing, prosecuting, instigating, continuing directly, representatively, derivatively or in any other capacity, or in any way

participating in the commencement or prosecution of any action asserting any Released Claims against any of the Released Persons.

11.   All papers in support of the Settlement and the award of attorneys' fees and expenses shall be filed with the Court and served at least fourteen (14) calendar days prior to the deadline set for objectors in paragraph 12 below and any reply briefs shall be filed at least seven (7) calendar days prior to the Settlement Hearing.

12.   Any current OCZ shareholder may appear and show cause, if he, she, or it has any, reason why the Settlement of the Action should not be approved as fair, reasonable, and adequate, or why a judgment should not be entered thereon, or why the Fee and Expense Amount should not be awarded; provided, however, unless otherwise ordered by the Court, no current OCZ shareholder shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the Fee and Expense Amount to be awarded to Plaintiffs' Counsel unless that Person has, at least ten (10) calendar days prior to the Settlement Hearing, filed with the Clerk of the Court at the U.S. District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102, and served on the following counsel (delivered by hand or sent by first class mail) appropriate proof of stock ownership, along with written objections, including the basis therefore, and copies of any papers and briefs in support thereof such that they are received no later than ten (10) calendar days prior to the Settlement Hearing:

| | |
|---|---|
| SHAWN A. WILLIAMS<br>ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>Post Montgomery Center<br>One Montgomery Street, Suite 1800<br>San Francisco, CA 94104<br>Telephone: (415) 288-4545 | BORIS FELDMAN<br>CAZ HASHEMI<br>WILSON SONSINI GOODRICH<br>  & ROSATI<br>650 Page Mill Road<br>Palo Alto, CA 94304<br>Telephone: (650) 493-9300 |
| GEORGE AGUILAR<br>ROBBINS ARROYO LLP<br>600 B Street, Suite 1900<br>San Diego, CA 92101<br>Telephone: (619) 525-3990 | *Counsel for Nominal Defendant OCZ Technology Group, Inc. and Individual Defendants Adam J. Epstein, Richard L. Hunter, Russell J. Knittel, and Ralph H. Schmitt* |
| *Co-Lead Counsel for Plaintiffs* | NORMAN J. BLEARS<br>MAREN J. CLOUSE<br>HOGAN LOVELLS US LLP |

525 University Ave., 4th Floor
Palo Alto, CA 94301
Telephone: (650) 463-4000

*Counsel for Defendant Arthur F. Knapp, Jr.*

DANIEL P. LEFLER
IRELL & MANELLA, LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Telephone: (310) 277-1010

*Counsel for Defendant Ryan Petersen*

Any current OCZ shareholder who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement as incorporated in the Stipulation including the award of attorneys' fees and expenses, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given.

13. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement: (i) is or may be deemed to be or may be offered, attempted to be offered, or used in any way by the Settling Parties or any other Person as a presumption, a concession or an admission of, or evidence of, any fault, wrongdoing, or liability of the Defendants or of the validity of any Released Claims; or (ii) is intended by the Settling Parties to be offered or received as evidence or used by any other Person in any civil, criminal, administrative, or other proceeding whatsoever, including before any court, administrative agency, or other tribunal. The Released Persons may file the Stipulation and/or the Judgment in any action brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to current OCZ shareholders, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement. The

1 | Court may approve the Settlement, with such modifications as may be agreed to by the Settling
2 | Parties, if appropriate, without further notice to current OCZ shareholders.
3 |      IT IS SO ORDERED.
4 | 8/5/13
5 | DATED                                                HONORABLE RICHARD SEEBORG
                                                        UNITED STATES DISTRICT JUDGE

28 | 874878